# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
**CHARLES D. AUSTIN**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

March 26, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:     *Denise J. v. Leland Dudek, Acting Commissioner, Social Security Administration*[1]
        Civil No. 24-0040-CDA

Dear Counsel:

On January 5, 2024, Plaintiff Denise J. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 11 and 13). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the Commissioner's decision. This letter explains why.

## I.     PROCEDURAL BACKGROUND

Plaintiff protectively filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on July 29, 2020, alleging a disability onset of February 29, 2016. Tr. 293-99, 302-03, 363. Plaintiff's claims were denied initially and on reconsideration. Tr. 179-88, 193-98. On May 4, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 35-76. Following the hearing, on June 20, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 14-28. The Appeals Council denied Plaintiff's request for review, Tr. 1-5, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security, on January 5, 2024. ECF 1. Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Accordingly, Commissioner Dudek has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Denise J. v. Dudek*
Civil No. 24-0040-CDA
March 26, 2025
Page 2

## II.    THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ must evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

At step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since February 29, 2016, the alleged onset date." Tr. 20. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "obesity and anxiety disorder." Tr. 20. The ALJ also determined that Plaintiff suffered from the non-severe impairments of mild bilateral carpal tunnel syndrome, gastroesophageal reflux disease, hypertension, and low back pain. Tr. 21. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 21. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(c) and 416.967(c) except she can frequently climb ramps or stairs; never climb ladders, ropes, or scaffolds; frequently stoop; frequently crawl; capable of simple, routine tasks; and occasionally interact with the public.

Tr. 23. The ALJ determined that Plaintiff had no past relevant work but could perform other jobs that existed in significant numbers in the national economy. Tr. 26-27. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 28.

## III.    LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir.

*Denise J. v. Dudek*
Civil No. 24-0040-CDA
March 26, 2025
Page 3

1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.    <u>ANALYSIS</u>

Plaintiff raises two arguments on appeal.  First, Plaintiff contends that the ALJ erred when assessing Plaintiff's RFC by (1) failing to consider whether Plaintiff's depression was a severe impairment at step two and not addressing her depression at the subsequent steps of the sequential analysis, (2) failing to properly evaluate the prior administrative medical findings, and (3) improperly performing a symptom-based analysis, rather than a function-by-function assessment.  ECF 11, at 3-16.  Second, Plaintiff asserts that the ALJ erroneously evaluated the Plaintiff's subjective complaints.  *Id.* at 16-23.  Defendant counters that the ALJ's RFC analysis accounted for all of Plaintiff's physical limitations, the ALJ applied the proper legal framework in assessing the prior administrative medical findings, substantial evidence supported the ALJ's light work RFC, and the ALJ properly considered Plaintiff's subjective complaints.  ECF 13, at 5-21.

### A.    <u>The ALJ did not err in assessing Plaintiff's depression.</u>

"At step two of the five-step sequential evaluation, the ALJ determines if the claimant has an impairment, or a combination of impairments, that is severe and meets the duration requirement."  *Sharon W. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-2707, 2019 WL 2234499, at *1 (D. Md. May 23, 2019).  An impairment is "severe" if it "significantly limit[s the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1522(a), 416.922(a).  If the ALJ finds any impairment to be severe, "the ALJ continues with the sequential evaluation and considers how each of the claimant's impairments impacts her ability to perform work."  *Sharon W.*, 2019 WL 2234499, at *1.  In formulating a claimant's RFC, the ALJ "consider[s] all of [the claimant's] medically determinable impairments of which [the ALJ is] aware, including [the claimant's] medically determinable impairments that are not 'severe[.]'"  20 C.F.R § 404.1545(a)(2); *see also* 20 C.F.R. §§ 404.1545(e), 416.945(a)(2), 416.945(e); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996).  The RFC "should be exactly the same regardless of whether certain impairments are considered 'severe' or not."  *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (italics omitted) (recognizing that step two of the sequential evaluation process is "merely a threshold determination meant to screen out weak claims" and is "not meant to identify the impairments that should be taken into account when determining the RFC").

Plaintiff asserts that the ALJ did not consider whether Plaintiff's depression was a severe impairment at step two and did not address Plaintiff's depression at the subsequent steps of the sequential analysis.  ECF 11, at 5-8.  Plaintiff argues that, as a result, the ALJ failed to address Plaintiff's combination of impairments.  *Id.*  Plaintiff is correct that the ALJ did not consider Plaintiff's depression at all at step two.  *See* Tr. 20-21.  However, even where an ALJ does not expressly address at step two whether a purported impairment is severe, "there is no prejudice to the [plaintiff] if the ALJ sufficiently considers the effects of that impairment at subsequent steps."  *Fountain v. Astrue*, No. CBD-11-1884, 2013 WL 145873, at *4 (D. Md. Jan. 11, 2013).  While the

*Denise J. v. Dudek*
Civil No. 24-0040-CDA
March 26, 2025
Page 4

ALJ did not address Plaintiff's depression at step two, they addressed Plaintiff's depression in the RFC assessment. At step three, the ALJ explained that Plaintiff's "irritable, depressed, and anxious affect and depressed, anxious mood" contributed to the finding that Plaintiff had a moderate limitation in interacting with others. Tr. 22. The ALJ elaborated in the RFC that Plaintiff's "treatment record . . . shows irritable, anxious, and depressed affect with anxious and depressed mood." Tr. 25. The ALJ found that Plaintiff could occasionally interact with the public based on "clinical findings [of] irritable, anxious, and depressed affect and depressed and anxious mood with reports of panic attacks and some difficulty in crowds [that] may reasonably limit [Plaintiff's] ability to interact productively with the public." Tr. 25. The ALJ considered the prior administrative medical findings of psychological consultants who opined that Plaintiff suffered from the medically determinable impairment of "depressive, bipolar and related disorders," among other impairments. Tr. 26, 86, 104-05, 126, 146. The ALJ, in finding the psychological consultants' findings "partially persuasive," concluded that the consultants' opined limitation— that Plaintiff could "interact with the public on an occasional basis"—was consistent with Plaintiff's "reports of some difficulty in crowds and anxiety with findings of irritable and anxious affect and depressed and anxious mood on examinations." Tr. 26.

Plaintiff fails to identify any evidence that the ALJ failed to review. Moreover, as Defendant argues, Plaintiff's hearing testimony revolved around her anxiety, not her depression. ECF 13, at 10; *compare* Tr. 69, 71 (indicating only two instances that Plaintiff testified to her "depressed mood"), *with* Tr. 48-52, 57-58, 68, 71 (indicating about eight instances that Plaintiff testified to her anxiety). Plaintiff disagrees with how the ALJ evaluated Plaintiff's depression. But this Court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." *Fiske v. Astrue*, 476 F. App'x 526, 527 (4th Cir. 2012) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam)). Accordingly, even though the ALJ did not address Plaintiff's depression at step two, the ALJ discussed and considered Plaintiff's depression in the formulation of Plaintiff's RFC. Because Plaintiff made the threshold showing that several of her impairments were severe, the ALJ continued with the sequential evaluation process and properly considered all impairments when determining Plaintiff's RFC. *See* 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). Any step two error, therefore, would not require remand.

B. The ALJ properly evaluated the prior administrative medical findings.

For claims filed after March 27, 2017, an ALJ "must follow certain procedures when assessing the weight to which medical opinions are entitled." *Adrianna S. v. Comm'r of Soc. Sec.*, No. SAG-20-3136, 2022 WL 112034, at *1 (D. Md. Jan. 12, 2022) (citing 20 C.F.R. § 404.1520c). An ALJ must "articulate . . . how persuasive [the ALJ] find[s] all of the medical opinions . . . in [a claimant's] case record." *Id.* (citing 20 C.F.R. § 404.1520c(b)). "Supportability and consistency are the most important factors when considering the persuasiveness of medical opinions." *Id.* (citing 20 C.F.R. § 404.1520c(b)(2)). Therefore, the ALJ must "explain how [the ALJ] considered the supportability and consistency factors" when assessing a source's medical opinion. *Id.* "Supportability generally refers to 'the objective medical evidence and supporting explanations

*Denise J. v. Dudek*
Civil No. 24-0040-CDA
March 26, 2025
Page 5

presented by a medical source.'" *Id.* (citing 20 C.F.R. § 404.1520c(c)(1)). In assessing consistency, the ALJ looks to the degree of cohesion between the medical opinion and "the evidence from other medical sources and nonmedical sources in the claim." *Id.* (citing 20 C.F.R. § 404.1520c(c)(2)).

Plaintiff argues that the ALJ, in evaluating the prior administrative medical findings, failed to properly evaluate pertinent evidence, and failed to properly consider the factors of supportability and consistency. ECF 11, at 8-12. The Court rejects this argument. The ALJ considered the prior administrative medical findings of the medical consultants and found these findings "partially persuasive." Tr. 26. As to supportability, the ALJ determined that the "consultants did not support their findings with a detailed summary or analysis of the evidence reviewed." Tr. 26. As to consistency, the ALJ found the consultants' findings "regarding light exertion; no climbing of ladders, ropes or scaffolds; frequent stooping; and frequent crawling" consistent "with evidence of obese body mass indices, reports of pain, and some findings of antalgic gait, back spasms, and reduced range of motion." Tr. 26. The ALJ further determined that the "remaining portions [of the findings] are inconsistent with full muscle strength, normal gait, a gap in treatment, unremarkable lumbar imaging, and reports of improvement." Tr. 26.

Likewise, the ALJ considered and found "partially persuasive" the prior administrative medical findings of the psychological consultants. Tr. 26. On the issue of supportability, the ALJ determined that the "consultants provided an explanation to support their findings." Tr. 26. As to consistency, the ALJ concluded that the "limitation to interact with the public on an occasional basis is consistent with [Plaintiff's] reports of some difficulty in crowds and anxiety with findings of irritable and anxious affect and depressed and anxious mood on examinations." Tr. 26. The ALJ further determined that the "remaining portions of these findings are inconsistent with findings of normal cognitive functioning, pleasantness, and cooperative attitude on evaluations[,]" and "are also inconsistent with [Plaintiff's] reports that her anxiety is management on medication." Tr. 26.

Because the ALJ assessed, specifically, the supportability and consistency of the prior administrative medical findings, their evaluation comports with the SSA's regulatory framework. *See* 20 C.F.R. § 404.1520c. Here, Plaintiff disagrees with the ALJ's conclusions, which are supported by substantial evidence based on the ALJ's compliance with that framework. *See* ECF 11, at 8-12. Moreover, Plaintiff does not identify any relevant medical records or testimony that the ALJ failed to consider or that the ALJ failed to resolve any evidentiary contradictions. Plaintiff's argument again amounts to a request to reweigh evidence and, once again, must fail.

C. The ALJ did not err when assessing Plaintiff's ability to perform light work.

The Court finds that, although the ALJ did not assess Plaintiff's exertional capabilities on a function-by-function basis, their assessment does not warrant remand. A claimant's RFC represents "the most [they] can still do despite [their] limitations." 20 C.F.R. § 416.945(a). In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by function basis, how they affect [the

claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). Pursuant to SSR 96-8p, an RFC assessment must include an evaluation of a claimant's ability to perform the physical functions listed in 20 C.F.R. § 416.945(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions" that "may reduce [a claimant's] ability to do . . . work." 20 C.F.R. § 416.945(b); *see* SSR 96-8p, 1996 WL 374184, at *5.

Only after such an analysis may an ALJ express RFC in terms of the exertional level of work of which the ALJ believes the claimant to be capable. *See Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). As *Dowling* explained, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." 986 F.3d at 387 (alteration in original) (citation omitted). Thus, an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions. *See Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

Plaintiff argues that the ALJ "improperly performed a symptom-based analysis, rather than a proper function-by-function assessment" of Plaintiff's ability to perform light work. ECF 11, at 12-16. The Court finds this argument unavailing. The RFC assessment finds support in the weight that the ALJ assigned to the opinions of the prior administrative medical findings. *See* Tr. 26. As explained above, the ALJ considered the prior administrative medical findings of the medical consultants and found these findings "partially persuasive." Tr. 26. Specifically, the ALJ found the "portion of the [consultants'] findings regarding light exertion; no climbing of ladders, ropes or scaffolds; frequent stooping; and frequent crawling" consistent "with evidence of obese body mass indices, reports of pain, and some findings of antalgic gait, back spasms, and reduced range of motion." Tr. 26. As such, the ALJ limited Plaintiff to light work and further accounted for her capabilities by incorporating in the RFC that she could "frequently climb ramps or stairs; never climb ladders, ropes, or scaffolds; frequently stoop; [and] frequently crawl[.]" Tr. 23.

Elsewhere in the decision, the ALJ examined Plaintiff's physical limitations and determined that it was "reasonable the [Plaintiff's] obesity exacerbates her back pain, thereby affecting her ability to sustain physical functioning over time." Tr. 24. The ALJ acknowledged Plaintiff's "reports of lower back pain that was aggravated by standing, walking, ascending and descending stairs, lifting, and twisting as well as lumbar muscle spasms, antalgic gait, and moderately reduced lumbar range of motion with obese body mass indices[.]" Tr. 24. The ALJ determined that "the evidence supports limitations to light exertion with no climbing of ladders, ropes, or scaffolds and frequently stooping, crawling, and climbing of ramps or stairs." Tr. 24. The ALJ further found that "greater physical restrictions" were unsupported by the record. Tr. 24-25. Specifically, the ALJ concluded that the "presence of normal or unremarkable findings on physical examinations and lumbar imaging, a significant gap in treatment, and reports of some improvement" were "inconsistent with [Plaintiff's] statements about the intensity, persistence, and limiting effects of her physical symptoms." Tr. 25.

True enough, the ALJ did not individually assess Plaintiff's exertional abilities to perform

*Denise J. v. Dudek*
Civil No. 24-0040-CDA
March 26, 2025
Page 7

light work.  But the Fourth Circuit has "rejected a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis" and has explained that remand "may be appropriate" when an ALJ "fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review."  *Mascio v. Colvin*, 780 F. 3d 632, 636 (4th Cir. 2015).  No such issue exists here.    Plaintiff identifies no unresolved evidentiary conflicts concerning exertional functions.    The ALJ permitted meaningful review by incorporating the RFC assessment of persuasive sources, including the prior administrative medical findings of the medical and psychological consultants, into the ALJ's own RFC assessment.  *See Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017) (holding that an ALJ adequately supported limitations in the RFC assessment by assigning persuasive value to the opinions of doctors who addressed the limitations in detail); *Onishea v. Barnhart*, 116 F. App'x 1, 2 (5th Cir. 2004) ("The ALJ based his assessment of [the claimant's] RFC, in part, on the state examiner's function-by-function analysis of her exertional limitations.  Thus, the ALJ employed the legal standard set forth in . . . SSR 96–8p in [assessing] RFC."); *Audlica D. v. Kijakazi*, No. BAH-22-1046, 2023 WL 1769665, at *5 (D. Md. Feb. 3, 2023) (finding harmless error where the claimant failed to show how the RFC may have changed if the ALJ performed a more in-depth function-by-function analysis).    Therefore, the ALJ's failure to explicitly assess Plaintiff's exertional abilities does not warrant remand.

    D.  The ALJ properly evaluated Plaintiff's subjective complaints.

    Finally, the Court finds that the ALJ properly accounted for Plaintiff's subjective complaints.  When evaluating subjective complaints, ALJs use the two-step analytical process set forth at 20 C.F.R. §§ 404.1529 and 416.929 and described in SSR 16-3p.  *See Oakes v. Kijakazi*, 70 F.4th 207, 215 (4th Cir. 2023) (citing *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020)).  Step one requires an ALJ to determine if a "medically determinable impairment" exists that could "reasonably be expected to produce the claimant's alleged symptoms."[3]  *Id.* (quoting *Arakas*, 983 F.3d at 95).  At step two, the ALJ assesses "the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled."  *Id.* (quoting *Arakas*, 983 F.3d at 95).  Because "disability benefits can be awarded on the sole basis of an objective impairment and derivative subjective pain," a claimant may "rely exclusively on subjective evidence" at step two.  *Id.* (quoting *Arakas*, 983 F.3d at 96).  Thus, "an ALJ applies the incorrect legal standard in discrediting complaints 'based on [a] lack of objective evidence corroborating them.'"[4]  *Id.* (quoting *Arakas*, 983 F.3d at 96) (brackets in original); *accord* SSR 16-3p, 2017 WL 5180304, at *5 ("[W]e will not disregard an individual's statements about [their] symptoms solely because the objective medical evidence does not

---

[3]  A "symptom" is a claimant's "own description or statement of [their] physical or mental impairment(s)."  SSR 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017).

[4]  "Objective medical evidence is evidence obtained from the application of medically acceptable clinical and laboratory diagnostic techniques, such as evidence of reduced joint motion, muscle spasm, sensory deficit or motor disruption."  20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2).

*Denise J. v. Dudek*
Civil No. 24-0040-CDA
March 26, 2025
Page 8

substantiate the degree of impairment-related symptoms alleged by the individual.").

While an ALJ may not dismiss subjective complaints "based *entirely* upon the belief that they were not corroborated by the record's medical evidence," the ALJ must still "ascertain the extent of the claimant's alleged functional limitations and restrictions due to their pain or symptoms that could be reasonably accepted as consistent with the medical signs, laboratory findings, and other evidence, in discovering how these symptoms impact the claimant's ability to work." *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 360 (4th Cir. 2023) (citing *Craig*, 76 F.3d at 594) (italics in original). In this respect, SSR 16-3p recognizes that "objective medical evidence is a useful indicator to help make reasonable conclusions about the intensity and persistence of symptoms[.]" SSR 16-3p, 2017 WL 5180304, at *5. Therefore, an ALJ "must consider whether an individual's statements about the intensity, persistence, and limiting effects of [their] symptoms are consistent with the medical signs and laboratory findings of record." *Id.* To do this, an ALJ considers "all of the evidence" in a claimant's record. *Id.* at *2, *7.

Here, at step one, the ALJ found Plaintiff to suffer from the severe impairments of "obesity and anxiety disorder," and the non-severe impairments of mild bilateral carpal tunnel syndrome, gastroesophageal reflux disease, hypertension, and low back pain. Tr. 20-21. The ALJ determined that Plaintiff's impairments did in fact cause limitations. However, the ALJ continued, Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 24.

The ALJ comported with 20 C.F.R. § 404.1529 and *Arakas*, as they did not require Plaintiff to produce "objective evidence" to corroborate subjective complaints of her pain. *Arakas*, 938 F.3d at 96. For example, Plaintiff "reported back pain that was aggravated by standing, walking, ascending and descending stairs, lifting and twisting." Tr. 24. Plaintiff "reported a 50% reduction in pain, and reported her back pain occurs rarely" following treatment with a lumbar steroid injection. Tr. 24. The ALJ noted this was "consistent with the gap in treatment from August of 2017 to November of 2020," and that the objective evidence "suggests [Plaintiff's] symptoms were controlled with treatment." Tr. 24-25. After Plaintiff "reported back pain again in November of 2020 and was found to have severe paraspinal tenderness with otherwise full strength," her treatment provider "prescribed pain medication as needed and recommended simple back pain exercises." Tr. 24; *see* 20 C.F.R. §§ 404.1529(c)(3)(iv)-(vi), 416.929(c)(3)(iv)-(vi) (noting that treatment is a factor that the ALJ can use to evaluate the severity of a claimant's symptoms). Additionally, Plaintiff's physical examinations did not show "respiratory, cardiovascular, or other abnormalities associated with her obesity." Tr. 25. The ALJ considered Plaintiff's "lumbar muscle spasms, antalgic gait, and moderately reduced lumbar range of motion with obese body mass indices" in finding that Plaintiff could perform light work with additional physical limitations. Tr. 24. The ALJ concluded that the "presence of normal or unremarkable findings on physical examinations and lumbar imaging," such as findings of full motor strength, normal gait, and unremarkable lumbar imaging results, as well as "a significant gap in treatment, and reports of some improvement" do not support greater physical restrictions. Tr. 24-25.

Regarding Plaintiff's mental impairments, the ALJ compared Plaintiff's complaints of

*Denise J. v. Dudek*
Civil No. 24-0040-CDA
March 26, 2025
Page 9

significant mental health symptoms to her objective evidence: multiple mental status examinations "reveal normal cognitive functioning[,] doctors note [Plaintiff] is pleasant, upbeat, and cooperative," there are " largely unremarkable objective findings," and "the medical record shows unremarkable affect and mood beginning in May of 2020, yet [Plaintiff] remained on the same treatment plan and her doctor noted her condition was stable." Tr. 25. The ALJ considered that Plaintiff "reported feeling content, . . . that her anxiety is manageable on medication," and that she indicated "she reads scripture or goes outside to calm herself down and reported her weekly therapy sessions were helpful." Tr. 25. The ALJ also considered that Plaintiff "could care for her own personal needs, shop, and perform household tasks with no difficulty getting along with others and no difficulty in crowds," and that "she watches her grandson part-time." Tr. 25-26.

A careful reading of this analysis reveals that the ALJ weighed Plaintiff's subjective complaints against other record evidence in a manner permissible under *Arakas. See Audlica D.*, 2023 WL 1769665, at *3 (finding the ALJ's analysis consistent with *Arakas* where it considered claimant's qualifying statements about pain and other evidence documenting improvement in symptoms). Moreover, *Arakas* holds that "ALJs may not rely on objective medical evidence (or the lack thereof) . . . to discount a claimant's subjective complaints regarding symptoms of . . . some disease *that does not produce such evidence*." *Arakas*, 983 F.3d at 97 (emphasis added). Plaintiff does not suggest that her subjective complaints relate to a disease that fails to present objective evidence of its existence. The objective medical evidence led the ALJ to find Plaintiff's obesity and anxiety disorder as severe impairments and, thus, informed the ALJ's decision to include multiple limitations in the RFC. Tr. 20, 23-26. The ALJ based their conclusion on Plaintiff's subjective complaints of pain and her own statements, including qualifying statements regarding the extent to which she can perform activities of daily living, and on objective medical evidence in the record. *See John O. v. Kijakazi*, No. AAQ-21-1378, 2022 WL 2305255, at *5 (D. Md. June 27, 2022) (distinguishing *Arakas* and affirming the ALJ's decision where the ALJ discounted the plaintiff's subjective complaints based on objective medical evidence—rather than a lack of objective evidence); *Craig*, 76 F.3d at 595 (noting that, generally, "objective medical evidence and other objective evidence [are] crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work"). As such, I find that the ALJ properly evaluated Plaintiff's symptoms.

Plaintiff also contends that the ALJ contravened *Arakas* by assessing her daily activities "without also considering the extent to which she could perform them." ECF 11, at 22. The Court disagrees. To be sure, "[a]n ALJ may not consider the type of activities a claimant can perform without also considering the *extent* to which she can perform them." *Arakas*, 983 F.3d at 99 (quoting *Woods*, 888 F.3d at 694 (emphasis in original)). But here, the ALJ's analysis of Plaintiff's activities did not fail to consider the extent to which Plaintiff could perform the activities. *See, e.g.*, Tr. 23 (noting that Plaintiff testified that she "can stand for 10 minutes, walk 5 steps, and lift 5 pounds."); Tr. 23-24 (noting that Plaintiff testified that "she is unable to be around a lot of people," and that "she spends most of the time in her room by herself."); Tr. 25 (Plaintiff "indicated she could care for her own personal needs, shop, and perform household tasks," and "she reported she gets along with others but indicated some difficulty in crowds."); Tr. 26 ("[S]he watches her grandson part-time."). The ALJ's discussion of the extent of the activities assessed here is

*Denise J. v. Dudek*
Civil No. 24-0040-CDA
March 26, 2025
Page 10

sufficient. *See Footman v. Kijakazi*, No. 21-1116, 2023 WL 1794156, at *2 (4th Cir. Feb. 7, 2023) (affirming despite the fact that "the ALJ may not have listed every single additional qualifying statement about the extent to which [Plaintiff] can perform daily activities" because "the ALJ did demonstrate that she adequately considered [the activities] and found them to be inconsistent with specific, objective evidence in the record"). As such, the Court finds that the ALJ's assessment of Plaintiff's daily activities is supported by substantial evidence.

V.    **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge